2024 IL App (2d) 230597
No. 2-23-0597
Opinion filed March 12, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2656 |
| AGUSTIN MORALES JR., | ) ) | Honorable Salvatore LoPiccolo Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice McLaren and Justice Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1    In this interlocutory appeal, defendant, Agustin Morales Jr., challenges the trial court's decision, ordering him to submit to drug testing as a pretrial release condition under Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] See also Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe*

_____

[1]The Act is also commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

*v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     On December 8, 2023, in case No. 23-CF-2656, defendant was charged with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2022)), a Class 4 felony, for possessing less than 15 grams of cocaine while in the Kane County Adult Justice Center. Defendant appeared before the court, which found probable cause, based on a Kane County Sheriff's Department synopsis that does not appear in the record. Defendant was also the subject of a failure to appear warrant in another case (case No. 23-MT-5144). Because he was not charged with a detainable offense, the State requested pretrial release conditions as follows:

> "In [case No.] 23[-]CF[-]2656, the defendant is not to use intoxicating or controlled substances unless he has a valid prescription and is to comply with random drug testing through pretrial services three times per month. And in [case No.] 23[-]MT[-]5144, he is not to drive without a valid driver's license. In both cases, he would be placed on maximum conditions with pretrial services."

¶ 4     Defendant, through counsel, requested that he *not* be subject to random drug testing three times monthly, as it was not a least restrictive condition for addressing any potential issue as to risk of flight, future court attendance, or ensuring that he is not a risk to the community or any specific person.

¶ 5     The State responded,

> "Judge, I would proffer that his criminal history is a possession of controlled substance in 2017, another possession of controlled substance in 2018, as well as DUIs in

2015 and 2021. In addition to the cases before the Court, he also has two cases for driving while license suspended in 23[-]MT[-]6427 and 23[-]MT[-]7261.

Given the defendant's history of using controlled substances and also of DUI and also continuing to drive when he doesn't have a valid license, the State is concerned that not only will he continue to drive, but that he will continue to use controlled substances and/or alcohol[,] putting the community at greater risk and that is the reason that we are asking that he comply with random testing through pretrial services three times per month."

¶ 6 The court announced that, based on defendant's criminal history and the police synopsis, and taking into account the factors in sections 110-2 and 110-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-2, 110-5 (West 2022)) as amended by the Act, it found that the State had proved by clear and convincing evidence that certain conditions of pretrial release are necessary to reasonably assure (1) defendant's appearance in court, (2) that defendant not commit any criminal offenses while on pretrial release, and (3) that defendant complies with all of the conditions of pretrial release. The court ordered, in part, that defendant be placed on maximum conditions of pretrial supervision with pretrial services, not commit any criminal offenses, not possess or consume any controlled or intoxicating substances without a valid prescription (excluding alcohol), and submit to random drug testing through pretrial services "a minimum of three times per month."

¶ 7 On December 11, 2023, defendant filed a notice of appeal, using the form notice promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023). On January 31, 2024, defendant filed a Rule 604(h) memorandum. Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023). On February 20, 2024, the State submitted its memorandum opposing defendant's appeal.

¶ 8 II. ANALYSIS

¶ 9 In his memorandum, defendant argues that the Code, as amended by the Act, provides that all defendants are presumed entitled to pretrial release, subject only to certain mandatory conditions. Additional conditions of release may be imposed only when necessary to ensure a defendant (1) appears in court, (2) does not commit a criminal offense, (3) complies with all conditions of pretrial release, (4) does not unlawfully interfere with the orderly administration of justice, and (5) complies with rules and procedures of problem solving courts. 725 ILCS 5/110-10 (West 2022). Even then, defendant notes, the additional conditions must be individualized and serve as the least restrictive means for achieving the aforementioned goals. *Id.* Here, defendant contends, the State presented no evidence reflecting that random drug testing three times monthly is the least restrictive condition necessary for release. Instead, the State presented only argument reflecting its concern that, based upon his criminal history, he would continue to use controlled substances or alcohol while driving without a valid license, which could put the community at risk. However, defendant notes that he did not contest the court's other pretrial release condition that he refrain from using intoxicating or controlled substances without a prescription. Thus, defendant argues, where there was no evidence presented that he was driving under the influence or posed any specific risk to anyone in the community, the additional requirement of random drug tests, without any evidence that he would not obey the court's order that he refrain from using intoxicating or controlled substances, is unduly restrictive.

¶ 10 Defendant also notes that the plain language of section 110-10(b) (*id*. § 110-10(b)) no longer provides trial courts with express authority to impose drug testing as a condition for achieving the goals of pretrial release, as that language was removed from the statute, effective January 1, 2023. See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023). He further notes that the court drug and alcohol testing programs previously in section 110-6.5 were also repealed (*id*. § 10-260))

and, although sections 7 and 8 of the Pretrial Services Act (725 ILCS 185/7, 8 (West 2022)) expressly list the duties of pretrial service departments, those duties do not include administering drug and alcohol tests. The legislature's modification of the statutes, defendant asserts, was based on recommendations from the Illinois Supreme Court's Commission on Pretrial Practices, which had noted that research did not support a clear association between drug testing and improving either public safety or rates of appearance. Thus, defendant argues, where the legislature removed drug testing as a pretrial condition, we should not rewrite the statute to allow a trial court to impose it. Further, even if allowed, the State failed to establish by clear and convincing evidence that the drug testing is necessary or the least restrictive means for achieving section 110-10(b)'s goals. "In fact, the personal time and hardship needed for three random drug tests, along with court visits and other conditions, amount to a pretrial punishment before a finding of guilt." Defendant asks that we reverse and strike the contested condition.

¶ 11    The State's memorandum is entirely nonresponsive to the specifics of defendant's argument regarding the lack of express authority in section 110-10 to impose drug testing. Rather, the State essentially contends only that, where the court considered section 110-5 and the State's proffer, including defendant's criminal history, it did not abuse its discretion.

¶ 12    We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release, as well as questions regarding whether it properly considered one or more of the statutory factors in determining conditions of release. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. An abuse of discretion occurs when the trial court's determination is unreasonable. *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9. To the extent that the question on review is whether the State met its burden of proof by clear and convincing evidence, we apply the manifest-weight-of-the-evidence standard. *Trottier*, 2023 IL

App (2d) 230317, ¶ 13. However, to the extent that defendant raises a legal issue of statutory interpretation, our review is *de novo*. *People v. Stoecker*, 2014 IL 115756, ¶ 21.

¶ 13 Pretrial release is governed by article 110 of the Code, as amended by the Act. 725 ILCS 5/art. 110 (West 2022). As relevant here, when a defendant is not charged with a detainable offense, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* In addition, "[t]he court *shall* impose any conditions that are mandatory under subsection (a) of Section 110-10. The court *may* impose any conditions that are permissible under subsection (b) of Section 110-10. The conditions of release imposed shall be the least restrictive conditions or combination of conditions necessary to reasonably ensure the appearance of the defendant as required or the safety of any other person or persons or the community." (Emphases added.) *Id.* § 110-5(c).

¶ 14 We first address defendant's argument that the legislature's modifications to the Code reflect that drug testing is no longer a permissible pretrial release condition. Thus, section 110-10(b) is at issue, with defendant noting that the provision for drug testing has been removed from the statute, which now provides,

> "Additional conditions of release shall be set only when it is determined that they are necessary to ensure the defendant's appearance in court, ensure the defendant does not commit any criminal offense, ensure the defendant complies with all conditions of pretrial release, prevent the defendant's unlawful interference with the orderly administration of justice, or ensure compliance with the rules and procedures of problem solving courts. However, conditions shall include the least restrictive means and be individualized. Conditions shall not mandate rehabilitative services unless directly tied to the risk of pretrial misconduct. Conditions of supervision shall not include punitive measures such as community service work or restitution." *Id.* § 110-10(b).

The statute next identifies permissive conditions that may be imposed; none include drug testing. *Id.* However, subsection (b)(9) provides: "(9) Such other reasonable conditions as the court may impose, so long as these conditions are the least restrictive means to achieve the goals listed in subsection (b), are individualized, and are in accordance with national best practices as detailed in the Pretrial Supervision Standards of the Supreme Court." *Id.* § 110-10(b)(9). Accordingly, while defendant is correct that the statute was modified, and courts are to remain mindful of the limited impact that drug testing has on ensuring a defendant's appearance or public safety, we read the plain language of section 110-10(b)(9) as continuing to allow drug testing (as well as other reasonable conditions) as a permitted pretrial release condition, so long as the other parameters of section 110-10(b)(9) are satisfied. See *Stoecker*, 2014 IL 115756, ¶ 21 ("[t]he most reliable indicator of the legislative intent is the language in the statute, which must be given its plain and ordinary meaning"). Indeed, although the statute expressly prohibits the court from imposing certain types of conditions, such as rehabilitative services, community service work, or restitution, the legislature did *not* similarly expressly prohibit the court from imposing drug testing in

appropriate cases and where necessary to achieve section 110-10(b)'s overarching goals. Thus, under the maxim of construction, *inclusio unius est exclusio alterius*, where section 110-10 lists conditions that may not be imposed, the inference is that conditions not included in that list are permissible (again, so long as the rest of section 110-10(b) is satisfied). See, *e.g.*, *McHenry County Defenders, Inc. v. City of Harvard*, 384 Ill. App. 3d 265, 282 (2008).

¶ 15 As to defendant's alternative argument, we disagree that the court erred in finding that the State established by clear and convincing evidence that drug testing was necessary. Clear and convincing evidence is " 'that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question.' " *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12 (quoting *In re John R.*, 399 Ill. App. 3d 778, 781 (2003)). Clear and convincing evidence is "more than a preponderance of the evidence and not quite approaching the beyond-a-reasonable-doubt standard necessary to convict a person of a criminal offense." *People v. Craig*, 403 Ill. App. 3d 762, 768 (2010). Here, the court found, consistent with section 110-10(b), that the State met its burden of establishing that pretrial release conditions were necessary to ensure, in part, that defendant not commit any criminal offenses while on pretrial release and that he complies with all of the conditions of pretrial release. Defendant does not dispute the State's proffer concerning his criminal history, which reflects two prior drug convictions and two prior DUI convictions, nor the court's imposition of the pretrial release conditions that he not consume intoxicating or controlled substances without a prescription or commit additional criminal offenses. As such, the condition that defendant submits to drug testing reasonably ensures both that defendant does not commit another criminal offense and that he complies with all conditions of pretrial release, *i.e.*, not using intoxicating or controlled substances. Indeed, as defendant was before the court, in part, on a drug charge, the drug testing was directly relevant to the pending

charge. Defendant was also before the court on a warrant for failure to appear in another case, which itself concerned driving while on a suspended license, reflecting that he did not always comply with court orders and conditions. Thus, it was reasonable for the court to deem it necessary to impose upon defendant an additional condition that would serve to ensure his compliance with the *remaining* conditions. We cannot say that the trial court improperly considered the statutory factors or that its ultimate determination on pretrial release was an abuse of discretion.

¶ 16    In sum, the court's imposition of drug testing, under the facts of this case, was not unreasonable.

¶ 17                              III. CONCLUSION

¶ 18    For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 19    Affirmed.

*People v. Morales*, 2024 IL App (2d) 230597

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 23-CF-2656; the Hon. Salvatore LoPiccolo Jr., Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Christina M. O'Connor, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |