2025 IL App (4th) 250010

NO. 4-25-0010

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 5, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| CHRISTIAN D. HILL, | ) | No. 22CF1209 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Philip J. Nicolosi, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court, with opinion.
Justices DeArmond and Grischow concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Christian D. Hill, appeals the Winnebago County circuit court's order

revoking his pretrial release pursuant to section 110-6 of the Code of Criminal Procedure of 1963

(Code) (725 ILCS 5/110-6 (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-

255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).

On appeal, defendant contends the circuit court erred in revoking his pretrial release because (1) he

was not subject to the Act and (2) the State failed to prove by clear and convincing evidence no

condition or combination of conditions could be imposed to mitigate any threat defendant posed.

¶ 2                                I. BACKGROUND

¶ 3        In April 2022, the State charged defendant with aggravated fleeing to elude a peace

officer (625 ILCS 5/11-204.1(a)(4) (West 2022)). The circuit court set bond at $25,000 (10% to

apply). Defendant posted bond and was released from custody with the following bond conditions: appear in court as directed, do not violate the laws of any jurisdiction, do not leave the state without court permission, and provide written notice of any change in address to the clerk's office within 24 hours.

¶ 4 On August 28, 2024, the State filed a verified petition to revoke defendant's pretrial release, pursuant to section 110-6 of the Code (725 ILCS 5/110-6 (West 2022)). The petition alleged, while on bond, defendant (1) failed to appear in court on two occasions and (2) committed the offenses of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(d) (West 2022)), DUI (*id.* § 11-501(a)), and multiple misdemeanor and petty traffic offenses in Winnebago County case No. 24-CF-2129. Based on this conduct, the State asserted there were no conditions that would reasonably ensure the appearance of defendant at later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 5 At the hearing on the State's petition to revoke defendant's pretrial release, the State proffered the factual basis for defendant's arrest in case No. 24-CF-2129. On August 24, 2024, defendant crashed his motorcycle into a pole. This traffic crash occurred nine minutes prior to defendant's scheduled plea hearing in case No. 22-CF-1209. Defendant was transported to the hospital, and medical personnel told officers "defendant possessed numerous bottles of alcohol [*sic*] beverage in his pockets and also a clear plastic baggy containing suspected cannabis." The material in the plastic baggy field tested positive for the presence of cannabis and weighed 10.2 grams. Defendant admitted to Investigator Boeke he "smoked one or two dispensary-strength cannabis cigarettes" and drank a can of beer "hours prior to the crash." While speaking with defendant, Boeke observed defendant's eyes were "bloodshot and watery." Defendant completed the horizonal gaze nystagmus test, which showed signs of impairment. However, due to his

injuries, defendant was unable to complete additional field sobriety tests. Defendant refused a preliminary breath test. Based on medical blood testing, defendant's blood alcohol concentration was determined to be 0.300. The State also proffered the factual basis for defendant's arrest in case No. 22-CF-1209. On April 10, 2022, officers attempted to serve a failure to appear warrant on defendant. Officers observed defendant in a black Audi and activated their squad car's emergency lights. Defendant then fled from the officers and ignored multiple traffic control devices during his flight.

¶ 6     The State then listed defendant's criminal history, which included several prior felony and misdemeanor convictions, including four prior DUIs and convictions for bail jumping and fleeing police. Defendant also scored 5 out of 6 on the pretrial risk assessment and was on parole at the time the offenses in case No. 24-CF-2129 occurred. Based on its proffer, the State argued the circuit court should revoke defendant's pretrial release because no condition or combination of conditions would reasonably ensure the appearance of defendant at later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 7     In response, defendant counsel proffered defendant suffered a serious head injury in the accident and "some of the indications of impairment may be able to be explained by that head injury." Defense counsel then argued the circuit court could impose conditions, such as a secure continuous remote alcohol monitor (SCRAM), electronic home monitoring, and substance abuse treatment. According to defense counsel, these conditions would be sufficient to "keep [defendant] coming to court and complying with the law."

¶ 8     After hearing evidence and argument, the circuit court found the State met its burden of proving no condition or combination of conditions would reasonably ensure the appearance of defendant at later hearings or prevent him from being charged with a subsequent

felony or Class A misdemeanor. In its ruling, the court highlighted the nature of the charged offenses in this case and in case No. 24-CF-2129, defendant's lengthy criminal history, his failure to comply with court orders, and his failures to appear in court. It also discussed the ineffectiveness of a SCRAM device, which would not alert the court immediately if defendant consumed alcohol. The court revoked defendant's pretrial release and entered a written order consistent with its oral findings.

¶ 9        On September 26, 2024, defense counsel filed a "Motion to Reconsider Revocation of Pretrial Release." The motion argued the circuit court erred in revoking defendant's pretrial release because (1) defendant was not subject to the Act and (2) the State failed to prove by clear and convincing evidence no condition or combination of conditions could be imposed to mitigate any threat defendant posed.

¶ 10        After granting multiple continuances requested by defendant, the circuit court held a hearing on defendant's motion on December 12, 2024. At the hearing, defense counsel contended defendant was not subject to the Act. Counsel first argued defendant was not subject to the Act because aggravated fleeing was not a detainable offense and, therefore, defendant could not be detained. In the alternative, counsel asserted, if the court considered defendant's prior posting of monetary bond as "pretrial release," defendant should have been given notice and an opportunity to comply with pretrial release before the court revoked his pretrial release. Defense counsel argued there were multiple conditions, including home confinement, a SCRAM device, and a "prohibition on the consumption of intoxicants" that the court could have imposed, rather than revoking defendant's pretrial release.

¶ 11        In response, the State cited section 110-7.5 of the Code (725 ILCS 5/110-7.5 (West 2022)) to support its contention defendant was subject to the Act. According to the State, "that

subsection also gives the State the ability to file, for the people who are on security bond, verified petitions for detention and as well as verified petitions for revocation." The State then noted defendant's motion incorrectly cited to section 110-6.1 of the Code (*id.* § 110-6.1), which governs the elements the State must prove for the circuit court to grant a verified petition to deny pretrial release, rather than section 110-6 (*id.* § 110-6), which governs verified petitions to revoke pretrial release. According to the State, defense counsel presented no information or argument sufficient for the court to reconsider its previous order of detention. The State then indicated it would stand on the arguments presented at the revocation hearing and requested the court deny defendant's motion. Following arguments, the court denied defendant's motion to reconsider.

¶ 12       This appeal followed.

¶ 13                    II. ANALYSIS

¶ 14       Defendant timely filed a notice of appeal pursuant to Illinois Supreme Court Rule 604(h) (eff. April 15, 2024). The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. OSAD elected not to file a memorandum and instead stands on defendant's motion for relief. Regardless of whether an optional memorandum is filed, issues raised in a motion for relief are properly before the appellate court. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). Consequently, this court will address the issues raised in defendant's motion.

¶ 15                  A. Motion for Relief

¶ 16       At the outset, we note defendant filed a "Motion to Reconsider," rather than a motion for relief pursuant to Rule 604(h). In *People v. Nettles*, 2024 IL App (4th) 240962, ¶¶ 20-21, this court found, based on the plain language of Rule 604(h), the failure to file a proper motion for relief precluded appellate review and required dismissal of the defendant's appeal. Therefore, we must first determine whether defendant's motion to reconsider can be construed as a motion

for relief. Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), which governs the appeals process in detention cases, provides, in pertinent part:

> "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived.

> * * *

> *** The motion for relief will serve as the argument of the appellant on appeal. The appellant may file, but is not required to file, a memorandum not exceeding 4500 words, within 21 days of the filing of the record on appeal. Issues raised in the motion for relief are before the appellate court regardless of whether the optional memorandum is filed."

¶ 17 In this case, defendant filed his motion to reconsider following the circuit court's revocation of his pretrial release. In the motion, defendant set forth the procedural history of the case, a request the court reconsider its ruling, and a supporting rationale for his request. Consequently, while defendant's motion did not specifically reference Rule 604(h) and was titled "Motion to Reconsider," rather than "Motion for Relief," we find the substance of defendant's motion satisfies the requirements of Rule 604(h).

¶ 18                              B. Application of the Act

¶ 19 We now turn to defendant's argument he was not subject to the Act. In his motion, defendant contends "[h]e is not subject to the Act because he posted cash bond, while it remained

the law in Illinois." This is an issue of statutory interpretation, which this court reviews *de novo*. *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 16.

¶ 20    As our supreme court has consistently stated, "The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. [Citation] The best indication of the legislature's intent is the language in the statute, which must be given its plain and ordinary meaning." *Mercado v. S&C Electric Co.*, 2025 IL 129526, ¶ 20.

¶ 21    In this case, the Code is clear and unambiguous in its discussion of which individuals are subject to the Act. Section 110-7.5(a) of the Code explicitly allows the State to file a petition for revocation even when a defendant has previously posted cash bond:

> "On or after January 1, 2023, any person having been previously released pretrial on the condition of the deposit of security shall be allowed to remain on pretrial release under the terms of their original bail bond. *This Section shall not limit the State's Attorney's ability to file \*\*\* a petition for revocation or sanctions under Section 110-6*." (Emphasis added.) 725 ILCS 5/110-7.5(a) (West 2022).

The Fifth District addressed this same issue in *People v. Pugh*, 2024 IL App (5th) 231128. In that case, the court held, "Based on our review of the record and the plain language of the Code, we find that section 110-6 is applicable to the defendant because he was released following his arrest on the condition of the deposit of security and new felony charges were filed." *Id.* ¶ 12. We find the facts of that case and the court's analysis directly on point to this case. Accordingly, although defendant previously posted cash bail, we conclude he was on pretrial release and subject to the Act based on the State's filing of a petition to revoke his pretrial release.

¶ 22                  C. Revocation of Pretrial Release

¶ 23    We now turn to defendant's final argument: the circuit court erred in revoking his

pretrial release because the State failed to prove by clear and convincing evidence no condition or combination of conditions could be imposed to mitigate any threat defendant posed. This court concludes defendant's argument is without merit because it is applicable only to verified petitions to deny pretrial release. See 725 ILCS 5/110-6.1 (West 2022). In this case, the court granted the State's petition to revoke pretrial release, which requires the State to prove different elements than a petition to deny pretrial release. See *id.* § 110-6. Because defendant's argument is not applicable to his situation, we find it is without merit and address it no further.

¶ 24 Pursuant to Illinois Supreme Court Rule 604(h)(8) (eff. Apr. 15, 2024), the deadline for this court to file its decision in this case was April 14, 2025. However, Rule 604(h)(8) provides this court with the ability to extend the deadline for good cause. *Id.* We have done so in this case.

¶ 25                                      III. CONCLUSION

¶ 26        For the reasons stated, we affirm the circuit court's judgment.

¶ 27        Affirmed.

*People v. Hill*, 2025 IL App (4th) 250010

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 22-CF-1209; the Hon. Phillip J. Nicolosi, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Elizabeth M. Crotty, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |