No. 2-25-0083
Order filed June 9, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 25-CF-331 |
| RICHARD ESPARZA, | ) ) ) | Honorable Bianca Camargo, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Kennedy and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in granting the State's petition to deny pretrial release under the Pretrial Fairness Act, where clear and convincing evidence established that defendant posed a real and present threat to the community and no conditions could adequately mitigate that threat.

¶ 2    Defendant, Richard Esparza, appeals the judgment of the Circuit Court of Kane County, which granted the State's petition requesting denial of pretrial release pursuant to Article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-1, *et seq.*), as amended by Public Acts 101-625, § 10-255 & 102-1104, § 70 (eff. Jan. 1, 2023) ) and 102-1104, § 70 (eff. Jan. 1, 2023) (collectively the "Acts").

¶ 3        I. BACKGROUND

¶ 4        On February 14, 2025, the State charged defendant with the following offenses: (1) aggravated kidnapping armed with a dangerous weapon in violation of 720 ILCS 5/10-2(a)(5), a Class X felony; (2) aggravated battery in a public place in violation of 720 ILCS 5/12-3.05(c), a Class 3 felony; (3) aggravated unlawful restraint in violation of 720 ILCS 5/10-3.1(a), a Class 3 felony; and (4) aggravated assault using a deadly weapon in violation of 720 ILCS 5/12-2(c)(1), a Class A misdemeanor. The State filed a petition to deny defendant pretrial release and the trial court held a hearing on State's petition the same day. In support of its petition, the State proffered the charging documents, defendant's criminal history, and a sworn police synopsis detailing the events supporting defendant's charges.

¶ 5        The synopsis alleged that on February 4, 2024, at approximately 10:25 a.m., a white, windowless, van pulled into a BP gas station in Elgin. A Hispanic male, later identified as defendant, emerged from the driver's seat of the van. This man then approached the victim, J.T., and, placing a large black knife against J.T.'s neck, forced him inside of the van. Inside the van, J.T. learned the reason behind his abduction: somebody had stolen defendant's gun, and he believed J.T. knew who had stolen it. Accordingly, J.T. was to lead defendant to the gun's thief. If J.T. tried to escape, ask for help, or simply said the wrong thing, defendant would kill him. Defendant, with the knife in his pocket, escorted J.T. to the Gail Borden Library in Elgin. There, defendant and his captive searched for the gun thief. They were not successful. The defendant then directed J.T. back into the van, drove to a nearby Shell gas station, and let him go.

¶ 6        J.T. reported the incident to the Elgin Police. Surveillance footage from the BP, the library, and the Shell station corroborated his account. The van's registration led police to defendant, whom J.T. identified in a lineup. Police arrested defendant shortly thereafter.

¶ 7     The State also presented evidence of defendant's criminal history, which spanned three decades. In 1995, he was convicted of a class 4 felony firearm offense and sentenced to 24 months of probation. The following year, the defendant was found guilty of aggravated discharge of a firearm (class 1 felony) and received a sentence of 48 months of probation. In 1997, he was convicted of aggravated battery, two counts of intimidation, and domestic battery, and sentenced to three years in prison. In 1997, the court also re-sentenced the defendant to 48 months for the 1995 case and 96 months for the 1996 case. In 2001, he pled guilty to a Class A misdemeanor domestic battery. More recently, the defendant has been convicted of resisting a peace officer in 2014 and of domestic battery in 2020.

¶ 8     After hearing arguments from both sides, the trial court granted the State's petition to detain, concluding that the State had met its burden that (1) defendant committed the crime alleged, (2) that he posed a real and present threat to the safety of any person or persons in the community; and (3) that no condition or combination of conditions could mitigate said threat. On February 19, 2025, defendant filed a Motion for Relief pursuant to Rule 604(h). After hearing arguments, the court denied defendant's motion. Defendant filed a timely notice of appeal on March 3, 2025.

¶ 9     II. ANALYSIS

¶ 10    In his appellate memorandum, defendant argues that the State failed to prove no combination of conditions could *mitigate* the threat he poses to the public. In his motion for relief, he argued that the State likewise failed to prove that he had committed a detainable offense and that he posed a real and present threat to the safety of any person or persons or to the community. However, under Illinois Supreme Court Rule 604(h)(7), "[i]f a memorandum is filed, it *must* identify which issues from the motion for relief are being advanced on appeal."

(Emphasis added). Ill. Sup. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). It follows, therefore, that any issues from the motion for relief not included in the appellate memorandum have not been advanced on appeal. See *People v. Rollins*, 2024 IL App (2d) 230372, ¶ 22 ("if a memorandum is filed, it is the controlling document for identifying the issue or claims on appeal.")

¶ 11        Because the parties to the pretrial detention hearing proceeded solely by proffer, our standard of review is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 51.

¶ 12    If charged with a detainable offense, the State may seek pretrial detention based on the defendant's dangerousness or risk of willful flight. 725 ILCS 5/110-6.1. Under the dangerousness standard, the State must prove by clear and convincing evidence that (1) "the proof is evident or the presumption great" that the defendant has committed a detainable offense, (2) "the defendant poses a real and present threat to the safety of any person or persons or to the community;" and (3) "no condition or combination of conditions" can mitigate that threat. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2024). In determining whether any condition(s) of pretrial release will ensure the safety of any person or the community and the likelihood of compliance with all the conditions of pretrial release, the circuit court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant; and (5) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the defendant's release. *Id.* at 110-5(a). No one factor is dispositive. *Id*. "Clear and convincing evidence is that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question.' *People v. Morales*, 2024 IL App (2d) 230597 ¶15.

¶ 13    Here, defendant argues that the trial court erred in finding that no combination of conditions could mitigate any threat posed by defendant. In support, he emphasizes that the trial court shall

only impose the "least restrictive" conditions to *mitigate* the threat, not eliminate it entirely. See 725 ILCS 5/110-10(b); 110-6.1(e)(3). Defendant believes GPS monitoring or another form of electronic home monitoring would serve to mitigate the threat he poses to the community.

¶ 14    The record does not support defendant's position. Defendant has a history of both violence and disregard for lawful authority. In both 1995 and 1996 defendant received probation for felony firearm offenses. Defendant then committed additional violent felonies, leading to his incarceration. Soon after his release, in 2001, defendant was again convicted of a violent crime. While defendant's next conviction was not until 2014, the nature of that conviction—resisting a peace officer—suggests that defendant did not grow in his appreciation for the law nor its agents. His 2020 conviction for domestic battery demonstrates that he continued to be a threat to others' safety.

¶ 15    Finally, we have the accusations leveled against defendant here. First, despite being prohibited from possessing weapons, defendant held J.T. at knifepoint. He did this to locate his other weapon, a firearm. Defendant did not believe that his victim possessed the firearm. Rather, he believed that J.T. may lead him to *somebody else* who had stolen it. These accusations only deepen our concern that no conditions could sufficiently mitigate the threat the defendant poses to the community.

¶ 16    While our law establishes a strong preference for pretrial release, this preference is not insurmountable. 725 ILCS 5/110-2(a) (West 2024). The State here has provided ample evidence of defendant's history of violent behavior and of his consistent disregard for the law. In doing so, it has carried its burden.

¶ 17                              III. CONCLUSION

¶ 18    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 19    Affirmed.