2026 IL App (2d) 250574-U
No. 2-25-0574
Order filed March 3, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v. RENZO CHAVEZ JR., Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Honorable Julie Yetter & Thomas St. Jules, Judges, Presiding.
No. 25-CF-2818

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  There was no error in the circuit court's pretrial detention determination based on defendant's dangerousness; defendant is a repeat felon and street gang member, he was charged with a detainable offense, and no condition short of his pretrial detention would mitigate the danger he presents.

¶ 2    Defendant, Renzo Chavez Jr., appeals from an order detaining him prior to trial on two counts of home invasion. 720 ILCS 5/19-6(a)(1), (a)(2) (West 2024). The appellate defender has declined to file argument on defendant's behalf and, after examining the record and defendant's motion for relief, we affirm.

¶ 3    Pursuant to 725 ILCS 5/110-6.1 (West 2024), the State may seek pretrial detention based on the defendant's dangerousness or risk of willful flight. Here, the State's petition to detain

proceeded under the allegation of defendant's dangerousness, and the parties proceeded by way of proffer. Under the dangerousness standard, the State must prove by clear and convincing evidence that (1) "the proof is evident or the presumption great" that the defendant has committed a detainable offense or forcible felony (such as home invasion), (2) "the defendant poses a real and present threat to the safety of any person or persons or to the community;" and (3) "no condition or combination of conditions" can mitigate that threat. 725 ILCS 5/110-6.1(e) (West 2024). Where parties to a pretrial detention hearing proceed solely by proffer, our review is *de novo*. *People v. Morgan*, 2020 IL 130626, ¶ 51.

¶ 4    At the pretrial detention hearing, the State proffered the following information. We begin with defendant's background and criminal history, which is significant for a person who is only 20 years old. Defendant is a documented member of the Latin Kings street gang in the Elgin area. As a juvenile, in case 24-JD-132, defendant was sentenced to terms in the Illinois Department of Corrections (IDOC) for unlawful possession of a firearm by a street gang member (720 ILCS 5/24-1.8(a) (West 2022)) and aggravated battery (*id.* § 12-3.05(a)). In addition, at the time defendant was arrested in this case, he was subject to an arrest warrant in case 25-CM-1800 for aggravated assault with a firearm (*id*. § 12-2(c)(1)) for threatening one of his neighbors in Elgin with a pistol. As a felon, of course, defendant could not lawfully possess any firearm. See 430 ILCS 65/2(a)(1), 4(a)(2)(ii) (West 2024). Defendant is also wanted on an arrest warrant in Cook County, in case 25-MC-3003589, for robbery (720 ILCS 5/18-1(a) (West 2024)), and subject to extradition there. That brings us to the present offense in Kane County, case 25-CF-2818.

¶ 5    On November 28, 2025, the victim, Victor Jiminez, was returning to his home in an apartment building in Elgin. Jiminez walked past a group of five people, roughly ages 14 to 20, who were smoking and drinking alcohol on the stairs. The group began to harass Jiminez as he

tried to get past them and followed him as he headed to his apartment. After a brief scuffle, Jiminez made it into his apartment and closed the door. Defendant then kicked in the door, breaking the doorframe and doorknob, and attacked Jiminez. Another young man, one Giovanny Hita-Watson, also entered the apartment, holding a knife. Jiminez fought back and struck the attackers. The two young men fled the scene and the police were called. Jiminez was able to identify Hita-Watson and defendant from photo lineups. Defendant's identification was made easier by his face tattoo of a five-pointed star. Elgin police arrested defendant the following day.

¶ 6    In response, defense counsel proffered that defendant could stay with his mother at a different address in Elgin not associated with either of the two pending cases. In addition, counsel noted that defendant has two children to support financially.

¶ 7    The circuit court, Judge Thomas St. Jules, found clear and convincing evidence that defendant had committed a detainable offense, that he presents a danger to the community, and that no pretrial release conditions would mitigate the threat he poses. See 725 ILCS 5/110-6.1(a). In particular, the court noted that GPS tracking and electronic home monitoring could not keep a gun out of his hands or prevent him from attacking another person on their way home. Defendant filed a motion for relief, which was heard and denied by Judge Julie Yetter. Defendant timely appealed.

¶ 8    As the appellate defender declined to file a memorandum, our review is confined to the claims raised in defendant's motion for relief (see Ill. S. Ct. R. 604(h)(2), (h)(7) (eff. Apr. 15, 2024)), which merit little discussion. The motion for relief is largely boilerplate, filed by the county public defender. It makes broad assertions, such as claiming that the evidence was not clear and convincing and that the court failed to consider alternatives to custody. Such a motion is unlikely to be persuasive, particularly as it fails to suggest defendant is (somehow) *not* dangerous or even

allege how any particular pretrial release condition would be adequate to address the harm he poses. While the evidence is only preliminary at this stage of the proceedings, even reviewed *de novo*, it paints a clear and convincing picture of defendant's dangerousness and the unsuitability of pretrial conditions to address that danger short of confinement.

¶ 9    The motion for relief makes a minor point that Hita-Watson, and not defendant, was the one accused of using a knife during the home invasion, not defendant. That is true enough, however, the statutory authority requires the court to consider, based on the specific articulable facts of the case, only whether the crime "involv[ed] a weapon ***." 725 ILCS 5/110-6.1(g)(1). We do not suggest all parties to a crime should be treated equally for the purposes of pretrial detention, similar to the rubric of accountability (720 ILCS 5/5-2(c) (West 2024)), but by using a variation of the word "involved" it is clear that section 110-6.1 recognizes that a weapon is no less dangerous simply because it is wielded by a co-offender, rather than by the defendant personally.

¶ 10    We note, too, that the motion for relief does not dispute any aspect of the State's proffer of defendant's juvenile and adult criminal history, and that he is currently charged for threatening another person with a firearm. This is *after* defendant has already served a term in prison for illegal firearm possession (725 ILCS 5/110-6.1(g)(2)(A)), to say nothing of the robbery charge in Cook County.

¶ 11    Finally, to the extent defendant asserted that the police synopsis and reports were insufficient to demonstrate that the proof was evident or presumption great that he committed a detainable weapons offense, we reject the assertion. It is well-settled that a police synopsis alone is sufficient to sustain the State's burden at a detention hearing. See, *e.g.*, *People v. Horne*, 2023 IL App (2d) 230382, ¶¶ 22-24.

¶ 12 "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74; see also *People v. Morales*, 2024 IL App (2d) 230597 ¶ 15. Here, the evidence amply demonstrated defendant's pattern of escalating criminality and violence. In sum, based on the specific articulable facts of the case, we determine that clear and convincing evidence showed defendant committed a detainable offense (home invasion), that he poses a real and present threat to the community, and that no less restrictive conditions could appropriately address the danger he presents. We therefore affirm the judgment of the circuit court of Kane County.

¶ 13 Affirmed.